BARKETT, Circuit Judge,
concurring:
I concur because I agree with the majority that Berg failed to prove that the Florida Division of Vocational Rehabilitation (DVR) violated § 504 of the Rehabilitation Act by refusing to fund his law school education. Section 504 applies to discrimination by a federally funded entity based on disability against “otherwise qualified” individuals with disabilities. An individual with a disability is “otherwise qualified” if he or she meets the eligibility criteria for the benefit, either (a) in spite of her handicap, or (b) with the help of a reasonable accommodation. School Bd. of Nassau County, Fla. v. Arline, 480 U.S. 273, 289 n. 17, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). The DVR denied Berg the benefit requested because it found that he had already been provided services sufficient to enable him to obtain “suitable employment.” Because Berg was not in need of further rehabilitative services, he was not “otherwise qualified” to receive them. Berg was thus not “otherwise qualified,” and no “accommodation” could change that. Moreover, Berg introduced no evidence that the DVR’s decision not to fund him further was based on his deafness. The magistrate judge found that “the plaintiffs disability played no part in the defendant’s denial of benefits for law school” and Berg has not shown that this finding was clearly erroneous. Nor has Berg shown that the DVR’s suitable employment limitation results in a disparate impact on individuals with disabilities. Berg faces no disability-based obstacle to the attendance of law school and he has not adduced evidence of any disparate impact of the DVR’s policy.